UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE TURNER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>METHODIST HOSPITAL, et al.,<br><br>    Defendants. | Case No. 23-cv-03962-JCS<br><br>**REPORT AND RECOMMENDATION RE DISMISSAL** |

    This case is purportedly brought by two plaintiffs – Terrance Turner and Latosha Thompson – in connections with Ms. Thompson's inability to obtain medical care for a health condition. The complaint, which is rambling, lists a variety of laws, including common law, contract law, UCC, Criminal Code, and many other citations. However, the statement of the claim citing the damages inflicted by the alleged failure to treat Ms. Thompson's alleged condition does not appear to show any violation of the cited laws. More importantly, the Complaint seeks "medical hazard services to invade Nebraska[,]" asks that the state of Nebraska be "shut down[,]" and finally that Ms. Thompson be "forcibly kidnap[ed] and quarantine[ed]."

    After the Complaint was filed, Ms. Thompson sent a letter alerting the Court that she signed the complaint based on Turner's representations and a promise by Turner that he would send her a copy of the complaint. Dkt. no. 11. In the letter, she explains that when she did not receive a copy of the complaint from Turner, she paid for PACER access and discovered the "brutal" and highly personal contents of the complaint, which relates to her private medical information. Ms. Thompson has informed the Court that she does not wish to proceed with the case and also requests that the case be sealed in light of the private information disclosed in

Turner's filings and her own letter of explanation.

In the meantime, Turner has filed two documents containing explicit death threats against Ms. Thompson (dkt. no. 7, 12), as well as a "Motion for Sanctions Perjury" (dkt. no. 10). These death threats are part of a continuing course of conduct that began with Turner's request in the complaint that Ms. Thompson be "forcibly kidnap[ed]", with Turner's threats becoming increasingly explicit and graphic. Docket no. 7, for example, states that Ms. Thompson "needs to be burned alive." In his latest filing, Turner states that Ms. Thompson "needs to be picked up and tossed into a fire. You need to take your unhygienic ass and die in a fire and just F---ing die" and that he "WILL MURDER [Ms. Thompson] IN THE PRESENCE OF LAW ENFORCEMENT." Docket 12 at 2-3 (capitals in original).

The Court concludes that Turner's filings are "malicious" under 28 U.S.C. § 1915(e)(2)(B)(i) and are subject to dismissal under that section and the Court's inherent powers. Therefore, it is recommended that this case be DISMISSED. *See Aston v. Probst*, 217 F.3d 844 (9th Cir. 2000) (affirming dismissal of action under 28 U.S.C.§ 1915(e)(2)(B)(i) and court's inherent power based on "threatening and abusive filings."); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (complaint that threatens violence subject to "immediate dismissal" under 28 U.S.C. § 1915). Ms. Thompson has indicated that she does not desire to proceed with any claims asserted in the complaint, so her claims should be dismissed without prejudice. It is further recommended that the Court GRANT Ms. Thompson's request that the case be sealed in light of the pervasive disclosure of her private medical information in both her own and Turner's pleadings. Finally, it is recommended that the Court instruct the Clerk not to accept any further filings in this case from Turner.

Because the complaint in this case has not been served[1] and the Court does not have the

---

[1] The Court reviewed Turner's in forma pauperis application and found it to be insufficient. Dkt. no. 6. Therefore, it ordered Turner to file a complete application and gave him until October 6, 2023 to do so. In light of Turner's subsequent death threats, however, the undersigned concludes that prompt Court action on this matter is appropriate and therefore reassigns the action without waiting for that deadline to pass. The Court notes that it has already denied applications for in forma pauperis status in two other recently filed cases by Turner because he failed to supply the required information in support of his application or to pay the filing fee. *See* Case Nos. C-23-3381 and C-23-3387.

consent of all parties this case shall be reassigned to a district judge for further action. Any objection by Turner to this recommendation shall be filed within 14 days of the date of this Order.

Dated: September 20, 2023

_____
JOSEPH C. SPERO
United States Magistrate Judge